UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL CAVNESS,

    Plaintiff,

v.

ROSS MIRKARIMI, et al.,

    Defendants.

No. C 14-3403 EDL (PR)

**ORDER OF SERVICE**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983, alleging that jail officials at San Francisco County Jail were deliberately indifferent to his safety. Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 7.) Plaintiff is granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Legal Claims**

Plaintiff alleges that defendants exhibited deliberate indifference to his safety. Plaintiff claims that on October 13, 2011, plaintiff asked deputies Lieutenant Winch and Deputy Fields to move him because plaintiff was being threatened by the other inmates. Neither deputy moved plaintiff. Sometime thereafter, plaintiff was attacked by another inmate, and plaintiff suffered permanent injuries. Liberally construed, plaintiff has stated a cognizable claim that defendants Lieutenant Winch and Deputy Fields were deliberately indifferent to his safety.

Plaintiff also names the San Francisco Sheriff's Department, Sheriff Ross Mirkarimi, and Captain Firegno as defendants. However, even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff has not linked any of these three defendants to his allegations of wrongdoing. Thus, San Francisco Sheriff's Department, Sheriff Ross Mirkarimi, and Captain Firegno are DISMISSED without prejudice. Should plaintiff wish to amend his complaint to include any of these defendants, he must do so within twenty-eight days of the filing date of this order. Plaintiff is advised that in order to state a cognizable claim against a defendant, he must show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

## CONCLUSION

1. Defendants San Francisco Sheriff's Department, Sheriff Ross Mirkarimi, and Captain Firegno are DISMISSED without prejudice and with leave to amend. Should plaintiff wish to amend his complaint, the amended complaint must be filed within **twenty-eight days** of the filing date of this order and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.

Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time will result in the court proceeding only with defendants Lieutenant Winch and Deputy Fields.

    2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. ), a magistrate judge jurisdiction consent form, and a copy of this order to Lieutenant Winch and Deputy Fields at the San Francisco County Jail. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the San Francisco City Attorney's Office, Litigation Department, Fox Plaza, 1390 Market Street, 6th Floor, San Francisco, CA 94102-5408. Additionally, the clerk shall mail a copy of this order to plaintiff.

    3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, defendants will be required to serve and file an answer within sixty (60) days from the date on which the request for waiver was sent to them. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

    4. In order to expedite the resolution of this case, the court orders as follows:

　　　　　a. No later than sixty days from the date the waivers are sent from the court, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on plaintiff.

　　　　　b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012). At that time, defendants shall also submit the magistrate judge jurisdiction consent form.

　　　　　c. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than twenty-eight days from the date the motion was served upon him.

　　　　　d. Defendants shall file their reply brief no later than fourteen days after the opposition is served upon them.

　　　　　e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

　　　5. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

　　　6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

　　　7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 2, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\CR.14\Cavness403.serve.wpd

5