# GIBSON DUNN

Lee R. Crain
Direct: +1 212.351.2454
Fax: +1 212.817.9454
LCrain@gibsondunn.com

September 17, 2018

Magistrate Judge Elizabeth D. Laporte
San Francisco Courthouse, Courtroom E - 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Cavness v. Mirkarimi*, No. 14-cv-3403

Dear Judge Laporte:

Plaintiff submits this letter pursuant to the Court's Discovery Standing Order. Plaintiff attempted to collaborate on a joint letter with Defendants after the parties met and conferred to resolve their disputes. Exs. A-D, G; Dkt. No. 148. Defendants did not respond, Ex. G, and out of an abundance of caution given the deadline, Plaintiff submits this letter, outlining the disputes below, which are discussed in more depth in the attached correspondence.

**Emails.** Defendants concede that they have not searched for *a single email* from *any custodian* in response to any of Plaintiff's discovery requests. Ex. B at p. 2 Sec. (A)(7). Defendants' assertion that Plaintiff "never asked" for emails is false, as Plaintiff's document requests make clear. *Id.* Plaintiff asks that the Court order Defendants to produce all responsive emails and corresponding electronically stored information/metadata, as well as to provide a declaration outlining the efforts undertaken to search for responsive materials.

**Phone Records.** After Defendants produced the "fight club" IA file in August 2018, Plaintiff discovered that the Sherriff's Department retains inmate phone call records, including recordings. Plaintiff requested calls from Mr. Cavness and Mr. Saunders from 2011, but Defendants explained that these records were destroyed after four years pursuant to a records retention policy. Such policy was neither suspended nor modified in view of this litigation. Ex. B at p. 2 Sec.(A)(5). After Plaintiff raised concerns of spoliation, Defendants changed their position to assert that these phone records were kept by a third party called GTL. Ex. C at pp. 1-2. Defendants have not disputed that phone records that are potentially responsive to Plaintiff's discovery requests once existed and have been destroyed. It is further undisputed that in all of Defendants' initial disclosures, phone records do not appear as an example of data within the control of the SFSD and no individuals from GTL are listed. Plaintiff requests that this Court order Defendants to explain why they failed to disclose that GTL had discoverable information and why Defendants took no steps to preserve that information.

**Deputy Staehely's Notes**: Deputy Staehely testified that he took notes during the depositions of his co-defendants that he attended so as to review policy documents at issue and for "no" other reasons. Ex. B at p. 4 Sec. (E). Defendants have withheld these notes, but they are responsive to numerous RFPs requesting documents relating to policies at issue, *e.g.*, Ex. E at 9(a)-10(b). Plaintiff requests that the Court order the notes be produced.

**Fight Club File**: Defendants failed to produce any findings or reports from the "fight club" internal investigation. In the parties' September 5 meet and confer, Defendants for the first time asserted that they did not agree to produce findings or conclusions but only documents relating to the underlying facts. *Compare* Ex. A at p. 5, *with* Ex. B at p. 4 Sec. (D)(3); *see also* Ex. D at pp. 2-3. These documents are, as Defendants have long effectively conceded, relevant, responsive, and proportional to the needs of the case. *See* Ex. D at pp. 2-3.[1]

**Outstanding Document Production Issues.** Defendants agreed to produce additional documents in view of deficiencies raised by Plaintiff. However, Defendants have not yet produced these documents nor provided a date by which they will do so. Plaintiff requests that Defendants and SFSD be compelled to produce the following materials by September 24, 2018 (prior to Rule 30(b)(6) depositions) or certify that no further documents in these categories exist that have yet to be produced: (I) grievance logs relating to Plaintiff and his assailant; (II) administrative segregation logs and questionnaires/ad seg sheets relating to Plaintiff and his assailant[2]; (III) Mr. Cavness's discipline log; (IV) information available from the JMS electronic system regarding Mr. Saunders that has yet to be produced[3]; (V) the second page of two documents that state they are merely "page 1 of 2" for which Plaintiff has asked for weeks, *see* Ex. A at p. 2, Ex. B at p. 3 Sec.(A)(8); (VI) attachments to policy documents; (VII) policies operative at the time the assault on Mr. Cavness occurred, in October 2011; (VII) audio, video, and relevant documents in the fight club file Defendants agreed to provide months ago; (IX) library sign-in sheets from October 2011 if they mention Mr. Cavness; (X) redactions of fight club documents that are inconsistent with the parties' agreement on what is and is not discoverable. *See* Exs. A, B, D.

**Rule 30(b)(6) Deposition Scheduling.** Defendants offered no dates for Chief Paul Miyamoto's deposition until September 13, when they offered September 19 and a 2-hour window on September 27, having not produced documents core to that deposition. *See* Exs. D, G. Plaintiff has offered numerous options for depositions during the weeks of September 24, October 1, and even October 8, after documents should be produced. This Court should order Chief Miyamoto to appear on any of September 25-28; October 2, 5, 8-10.

---

[1] Any privileges Defendants could claim were waived by Defendants' failures to serve a privilege log, Ex. A at p. 4 & n.1, and because Deputy Staehely testified about the findings without objection, Ex. D at pp. 2-3.

[2] On September 17 Defendants produced 36 pages, redacting a portion of the "booking card" for Mr. Cavness's assailant as "Non-Responsive." *See* Ex. E. It is undisputed that Plaintiff requested documents pertaining to Mr. Cavness's assailant—how this document could be "Non-Responsive" strains credulity.

[3] Defendants claim an "incident report" on Mr. Saunders is "irrelevant," but fail to explain why. Ex. C at p. 1; Ex. D at p. 1. Defendants are also inconsistent in their explanations of the information in the JMS system. Ex. C at p. 1; Ex. D at p. 1. This Court should direct Defendants to either produce all records or submit these records to the Court for an in camera determination of their relevancy.

Respectfully submitted,

/s/ Lee R. Crain