# Exhibit A

HC-001

Name: Michael Cavness AN-5878

Address: CSP-San Quentin
General Delivery
San Quentin, CA 94974

CDC or ID Number: AN-5878

## SUPERIOR COURT, STATE OF CALIFORNIA
## County of San Francisco.

_(Court)._

| | |
|---|---|
| Michael Cavness<br>Petitioner<br>vs.<br>People of the State of California.<br>Respondent | PETITION FOR WRIT OF HABEAS CORPUS<br><br>No. _____<br><br>_(To be supplied by the Clerk of the Court)_ |

## INSTRUCTIONS—READ CAREFULLY

> • If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
>
> • If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

• Read the entire form _before_ answering any questions.

• This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

• Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

• If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

• If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

• If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

• Notify the Clerk of the Court in writing if you change your address after filing your petition.

> Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2018). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use<br>Judicial Council of California<br>HC-001 [Rev. January 1, 2019]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.,<br>Cal. Rules of Court, rule 8.380<br>www.courts.ca.gov

HC-001

**This petition concerns:**

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☑ Other *(specify):* restitution

1. Your name: Michael Cavness

2. Where are you incarcerated? San Quentin State Prison

3. Why are you in custody?  ☑ Criminal conviction    ☐ Civil commitment

*Answer items a through i to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   INVOLUNTARY MANSLAUGHTER

b. Penal or other code sections: Pc 192 (B)

c. Name and location of sentencing or committing court:
   SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN FRANCISCO

d. Case number: 241211 — 2413057

e. Date convicted or committed: 1-20-17

f. Date sentenced: 3-10-17

g. Length of sentence: 19 YEARS

h. When do you expect to be released? 2025

i. Were you represented by counsel in the trial court? ☑ Yes  ☐ No    *If yes, state the attorney's name and address:*
   MICHAEL GAINES        240 KANSAS ST     SF CA 94103

4. What was the LAST plea you entered? *(Check one):*

   ☐ Not guilty   ☑ Guilty   ☐ Nolo contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

HC-001

6.  GROUNDS FOR RELIEF
    **Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

    *See attached brief, pgs. 1-7.*

    a.  Supporting facts:
        Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

        *See attached brief, pgs. 1-7.*

    b.  Supporting documents:
        Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474.)

        *See attached brief, pgs. 1-7.*

    c.  Supporting cases, rules, or other authority *(optional)*:
        (Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

        *See attached brief, pgs. 1-7.*

**PETITION FOR WRIT OF HABEAS CORPUS**

HC-001

7. Ground 2 or Ground _____ (if applicable):

*See attached brief, pgs. 1-7.*

a. Supporting facts:

*See attached brief, pgs. 1-7.*

b. Supporting documents:

*See attached brief, pgs. 1-7.*

c. Supporting cases, rules, or other authority:

*See attached brief, pgs. 1-7.*

HC-001

8.  Did you appeal from the conviction, sentence, or commitment? ☐ Yes ☑ No   If yes, give the following information:
    a.  Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):
    _____

    b.  Result: _____  c.  Date of decision: _____

    d.  Case number or citation of opinion, if known: _____

    e.  Issues raised: (1) _____

                        (2) _____

                        (3) _____

    f.  Were you represented by counsel on appeal? ☐ Yes  ☐ No   If yes, state the attorney's name and address, if known:
    _____

9.  Did you seek review in the California Supreme Court? ☐ Yes ☑ No   If yes, give the following information:
    a.  Result: _____  b.  Date of decision: _____

    c.  Case number or citation of opinion, if known: _____

    d.  Issues raised: (1) _____

                        (2) _____

                        (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):
    N/A
    _____
    _____

11. Administrative review:
    a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:
    N/A
    _____
    _____
    _____
    _____
    _____
    _____
    _____

    b.  Did you seek the highest level of administrative review available?  ☐ Yes  ☐ No
        *Attach documents that show you have exhausted your administrative remedies. (See* People v. Duvall *(1995) 9 Cal.4th 464, 474.)*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)
    ☐ Yes  If yes, continue with number 13.   ☑ No   If no, skip to number 15.

**PETITION FOR WRIT OF HABEAS CORPUS**

HC-001

13  a.  (1)  Name of court: _____

       (2)  Nature of proceeding (for example, "habeas corpus petition"): _____

       (3)  Issues raised:  (a) _____

                 (b) _____

       (4)  Result (attach order or explain why unavailable): _____

       (5)  Date of decision: _____

  b.  (1)  Name of court: _____

       (2)  Nature of proceeding: _____

       (3)  Issues raised:  (a) _____

                 (b) _____

       (4)  Result *(attach order or explain why unavailable):* _____

       (5)  Date of decision: _____

  c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

    N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780.)

    N/A

16. Are you presently represented by counsel?  ☐ Yes  ☑ No   If yes, state the attorney's name and address, if known:

    In Pro Per.

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes  ☑ No   If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

    N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 3-10-19

► *Michael Conniss*
(SIGNATURE OF PETITIONER)

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

1  Michael Cavness  AN-5878
   California State Prison-San Quentin
2  General Delivery
   San Quentin, California 94974
3  In Pro Per Petitioner/Defendant

4

5

6

7

8              IN THE SUPERIOR COURT, STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN FRANCISCO

10  IN RE MICHAEL CAVNESS,              CASE NO.   211241/2413057

11  Petitioner/Defendant.              PETITION FOR WRIT OF HABEAS
                                        CORPUS
12  _____/

13       TO THE SUPERIOR COURT AND TO THE RESPONDENTS.

14       The Petitioner/Defendant, Michael Cavness, proceeding in pro per,

15  in forma pauperis, while incarcerated in a state prison, files the

16  Petition for Writ of Habeas Corpus, and states as follows:

17                          INTRODUCTION

18       The Honorable Judge Elizabeth D. Laporte of the Northern District

19  of California, San Francisco Division, has ordered the Defendant to

20  file this Habeas Corpus Petition to the San Francisco Superior Court

21  in order to resolve the matter of the Superior Court's assessment

22  and imposition of restitution in Superior Court Case Nos. 211241 and

23  2413057, before any further federal orders are issued in the Defendant's

24  Northern District of California Federal Case No. 14-cv- 3403-EDL.

25       During the settlement proceedings, the N.D. Cal. court ordered

26  that the civil defendants pay the Defendant $6,500.00,  and to be

27  applied to the Defendant's $20,934.20 restitution fine.  The Defendant

28  ///

                                1

1 claimed that he only has a $640. restitution fine, and that the $20,934.20

2 restitution fine order is in error, and that the Defendant was not

3 provided Due Process by his appearance when the Court had assessed

4 and imposed that the Defedant's restitution  be $20,934.20.(See exhibit A1-A7),

5 Therefore, the Federal Court, on February 12, 2019, ordered that the

6 $6,500.00 be put into an escrow account  until the restitution argument

7 can be resolved by the sentencing court in regards to the alleged error

8 in the imposition and assessment of the $20,934.20 restitution fine.(See

9 exhibit C1).

10     Defendant is now anticipating the resolution of this alleged restitu-

11 tion error order of the sentencing court by this Petition for Writ

12 of Habeas Corpus at hand.

13              STATEMENT OF THE CASE AND THE FACTS

14      On March 10, 2017, during the Defendant's re-sentencing proceedings,

15 when the Defendant was re-sentenced to a 19-years state prison sentence

16 for voluntary manslaughter, the  trial court assessed, during the senten-

17 cing hearing, that the Defendant pay a Restitution Fine of $180  on

18 each of the first three(3) counts  and a $100 Restitution Fine on the

19 misdemeanor count all totaling $640, plus $30 for Critical Needs Assess-

20 ment on each count totaling $120, and $135 for booking fee, $150 for

21 pre-sentence report preparation, all totaling $1,045.(See Exhibits

22 A4,lns. 13-18; and Exhibit B2,para.9(a),(d); and para. 13).

23      After the Defendant was escorted out of the courtroom and returned

24 to the court holding cell, the court reopened the Defendant's sentencing

25 hearing in error on March 10, 2017, while the Defendant was absent,

26 and the court went back on record in error and imposed a restitution

27 fine amount of $20,934.20 to the Victims Compensation Board, and a

28 $160 court operations assessment.(See exhibits A1-A7).

2

1    The Defendant was not present in order to demonstrate to the court

2  the Defendant's inability to pay the $20,934.20 restitution fine and

3  $160 assessment amount.

4    The court erred in failing to conduct an inability-to-pay hearing

5  with the Defendant present and in appearance before the court before

6  imposing the $20,934.20 restitution fine and $160 assessment.

7    In 2011, the Defendant had filed a civil complaint against the

8  San Francisco county's city and county jail in Cavness v. Mirkarimi, No

9  14-cv-3403 (N.D. California), and litigated a monetary settlement on

10 February 12, 2019. (See exhibits C).

11    During the settlement proceedings, the N.D. Cal. court ordered

12 that the civil defendants pay the Defendant $6,500.00, and to be

13 applied to the Defendant's $20,934.20 restitution fine. The Defendant

14 claimed that he only has a $640. restitution fine, and fees and the $20,934.20

15 restitution fine order is in error, and that the Defendant was not

16 provided Due Process by his appearance when the Court had assessed $160

17 and imposed that the Defendant's restitution  be $20,934.20.(See exhibit A4).

18 Therefore, the Federal Court, on February 12, 2019, ordered that the

19 $6,500.00 be put into an escrow account  until the restitution argument

20 can be resolved by the sentencing court in regards to the alleged error

21 in the imposition of the $20,934.20 restitution fine and $160 asses-

22 sment.(See exhibits A4;

23

24              MEMORANDUM OF POINTS AND AUTHORITIES

25                        APPLICABLE LAW

26 Section 1202.4 provides, in part:

27 "...(1) The defendant has the right to a hearing before a judge
   to dispute the determination of the amount of restitution.  The
28 court may modify the amount." P.C. §1202.4

                              3

1    P.C. §1202.41 Amendment of restitution order-Physical presence,

2  provides: "(c)(3)  Nothing in this subdivision shall be construed

3  to prohibit the physical presence of the defendant with counsel."

4  P.C. §1202.41(c)(3).

5    "A defendant has the right to be heard at the imposition of resti-

6  tution."P.C. §1203(d).

7    "The court must give defendant meaningful opportunity to contest

8  restitution amount.  The Supreme Court held that an increase in penal-

9  ties for a crime must be submitted to a jury." U.S. v. Green, (9th

10  Cir. 2013), 722 F. 3d 1146(defendant's right to be present).

11                    LAW AND ARGUMENT

                             I.
                 TRIAL COURT ERRED BY IMPOSING A $20,934.20
13               RESTITUTION FINE AND $160 COURT OPERATIONS
                 ASSESSMENT UPON THE DEFENDANT WITHOUT THE
14               APPEARANCE OF THE DEFENDANT AT THE HEARING

15    The $20,934.20 restitution fine and $160 court operations assessment

16  were unauthorized because they were not a part of the sentencing hearing

17  on the Defendant's plea bargain because the sentencing hearing was

18  over with and completed when the trial court went back on the record

19  to impose the $20,934.20 restitution fine and the $160 court assessment

20  while the Defendant was not present at the imposition of these erroneous

21  restitution fine and court assessment.

22    "A defendant cannot be sentenced to a punishment more severe than

23  that specified in the plea bargain."  P.C. §1195.

24    The Defendant was not given  a chance to waive the issue of the

25  court's failure to have the Defendant in appearance during the imposition

26  of the $20,934.20 restitution fine and $160  Court op. assessment.

27  ///

28  ///

                              4

1    The Defendant was not given the opportunity to timely object to

2 the court's $20,934.20 restitution fine and $160 assessment because

3 1) the Defendant was not at the hearing when the trial court imposed

4 the $20,934.20 restitution fine and $160 court assessment; and 2) the

5 Defendant never received the court's transcripts of the hearing on

6 the trial court's imposition of the $20,934.20 restitution fine and

7 $160 assessment.  Thus, the trial court made no mention of any $20,934.20

8 restitution fine or $160 court assessment to the Defendant, and the

9 Defendant was not aware of these restitution fine and court assessments

10 that the trial court had imposed upon the Defendant during the hearing

11 nor after the hearing outside the presence of the Defendant, and the

12 Defendant was completely unaware.  And therefore, the Defendant was

13 not given the right and opportunity to object to the extremely excessively

14 high $20,934.20 restitution fine amount or the $160 court assessment

15 that was erroneously imposed upon the Defendant while the Defendant

16 was absent from the hearing and not in appearance at the hearing when

17 this restitution fine and court assessment were erroneously imposed

18 upon the Defendant.

19    The Defendant was not given the opportunity or right to dispute

20 the trial court's determination of the $20,934.20 restitution fine

21 amount or $160 court assessment amount when the Defendant was not

22 in appearance during the imposition of this restitution and assessment

23 amount.

24    Defendant was not given a chance to cross-examine nor object to

25 restitution nor to prove inaccurate the amount of the $20,934.20 restitution

26 amount and the $160 court assessment amount.  Evidence Code §813(a)(2)

27 allows the Defendant to present evidence of inability to pay, cross-

28 examine and to object to restitution imposed by the trial court.

5

1   "A defendant has the right to be heard at the imposition of resti-

2 tution."P.C. §1203(d).

3       Due Process Law requires the trial court to conduct an ability

4 to pay hearing and ascertain a Defendant's present ability to pay

5 before it imposes court  facilities and court operations assessments

6 under P.C. §1465.8".

7       "Judicial process must make itself available to the indigent

8 defendant.  Defendant must be given a chance to present evidence of

9 indigency." Jameson v. Desta , (2018) 5 Cal. 5th 595.

10      "Defendant has the Due Process right to challenge amount of resti-

11 tution." In re Brittany L, (2002) 99 Cal. App. 4th 1381.

12      " An excessive fine is grossly disproportionate and is cruel

13 and unusual punishment." U.S. v. Ferro, (9th Cir. 2012), 681 F. 3d

14 1105.

15      Therefore, the trial court's imposition of the $20,934.20  restitution

16 fine and $160 court operations assessment should be stayed, and the

17 Defendant allowed to pay the $1,045 restitution and assessments since

18 the Defendant was not given an opportunity nor the rights to be present

19 in  court or in appearance before the trial court when the trial court

20 imposed the $20,934.20 restitution  fine amount and  the $160 court

21 assessment amount.

22                          II.
         TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT
23          TO THE $20,934.20 RESTITUTION AND $160 ASSES-
            SMENT ORDER THAT WAS IMPOSED OUTSIDE THE
24                PRESENCE OF THE DEFENDANT

25

26      After the Defendant had appeared with his attorney Michael J.

27 Gaines within the March 10, 2017 resentencing hearing and was assessed

28 a total of $1,045  in restitution fines and assessments,(see Exhibits

1 A1-A7, n. A4, lns. 13-18), and after the Defendant was remanded and

2 returned to the jail, the trial court judge erroneously returned back

3 on the record, outside the presence of the Defendant and while the

4 Defendant was not present in court, and imposed a $20,934.20 restitution

5 fine and a $160 court operations assessment, while the Defendant's

6 trial counsel erroneously failed to object to the $20,934.20 fine and

7 $160 assessment that were imposed upon the Defendant when the Defendant

8 was not present in court.

9      The Defendant's counsel erred by failing to object and this constituted

10 the ineffective assistance of counsel in violation of the California

11 Constitution  and Amendment 5 of the United States Constitution.

12                      CONCLSUION

13      Based on the foregoing,  the trial court erroneously imposed a

14 $20,934.20 fine and $160 court operations assessment upon the Defendant

15 without the appearance of the Defendant in the trial court at the hearing,

16 and the Defendant had the ineffective assistance of counsel when counsel

17 failed to object to the restitution fine imposition and court  assessment

18 that were imposed upon the Defendant outside the presence of the Defendant.

19      Wherefore, the Defendant respectfully requests and prays that

20 the Court grant the Habeas Petition and stay the imposition of the

21 $20,934.20 restitution fine and $160 court operations assessment due

22 to the Defendant's constitutional rights of appearance being violated.

23 Dated: ___3-10-19___                    Respectfully submitted,

24                                         _Michael Cavness_

25                                         Michael Cavness
                                           In Pro Per Petitioner

26                      DECLARATION

27      I declare under the penalty of perjury that the foregoing is true

28 and correct.

      Dated: __3-10-19__                  _Michael Cavness_
                                           Declarant

                          7

1

1        SUPERIOR COURT OF CALIFORNIA

2           COUNTY OF SAN FRANCISCO

3    BEFORE THE HONORABLE LORETTA M. GIORGI, JUDGE PRESIDING

4           DEPARTMENT NUMBER 27

**FILED**
San Francisco County Superior Court

MAR 13 2017

5              ---oOo---

CLERK OF THE COURT

6    PEOPLE OF THE STATE OF CALIFORNIA,)
                                      .)                    BY: _____
7            Plaintiff,              )                              Deputy Clerk
                                      )        Court No. 2413057
8    vs.                             )        Felony Plea
                                )     )
9    MICHAEL CAVNESS,               )
                                      )        ORIGINAL
10           Defendant.              )
     _____)

11

12        Reporter's Transcript of Proceedings

THE ANNEXED INSTRUMENT IS A
CORRECT COPY OF THE ORIGINAL
13        Friday, March 10, 2017   ON FILE IN MY OFFICE.
                                    ATTEST: CERTIFIED

14

JUN 16 2017

15   APPEARANCES OF COUNSEL:

CLERK OF THE COURT
Superior Court of California, County of San Francisco
16        For Plaintiff:                          BY: _____
                                                        DEPUTY CLERK
17        GEORGE GASCON, District Attorney
          850 Bryant Street, Suite 300
18        San Francisco, California 94103
          By:  JOHN ULLOM, Assistant District Attorney
19

20        For Defendant:

21        LAW OFFICE OF MICHAEL JOHN GAINES
          255 Kansas Street, Suite 340
22        San Francisco, California 94103-5154
          By:  MICHAEL GAINES, ESQ.
23

24

25

26

27   Reported by:  Melanie Dawn Gheno, CSR No. 7489, RMR, CRR
                    Official Court Reporter
28

Exhibit A1

2

1   Friday, March 10, 2017                    A.M. Session

2                    P R O C E E D I N G S

3       THE COURT:   Good morning, Mr. Cavness.

4       THE DEFENDANT:   Good morning.

5       THE COURT:   All right.  So we are now on the record in the

6   matter of the People vs. Michael Cavness.  Mr. Cavness is

7   present.  Counsel, state your appearances.

8       MR. ULLOM:   Good morning, your Honor.  John Ullom for the

9   People.

10      MR. GAINES:   Your Honor, Michael Gaines for Mr. Cavness.

11  Good morning.

12      THE COURT:   Good morning.  All right.  We are here today for

13  sentencing pursuant to both the plea and the original conviction

14  after a jury trial, and I have read and considered both the

15  felony plea that was taken on January 20th of 2017, as well as

16  the calculation of report by the probation department which we

17  have also supplemented with Mr. Cavness' time in custody at

18  San Quentin during appeal.

19      So at this time, do you waive instruction and arraignment

20  for sentencing, Mr. Gaines?

21      MR. GAINES:   Yes, your Honor.

22      THE COURT:   Is there any legal cause why judgment should not

23  be pronounced?

24      MR. GAINES:   No.

25      THE COURT:   So Mr. Cavness, it is the judgment of this Court

26  that you be sentenced as follows:

27      As to Count 1, a violation of Section 245(a)1 of the

28  California Penal Code, assault with a deadly weapon on the



A2

1   person of George Michael Taylor, I sentence you to the

2   aggravated term of four years.  That will be double pursuant to

3   667(d)4, a prior strike conviction suffered on the 26th day of

4   May, 1999 in the Superior Court of California for the County of

5   San Francisco, and that was for violation of 136(a)22 of the

6   Penal Code, attempting to dissuade a witness, and that's

7   consecutive.  And another consecutive three years on causing

8   great bold injury to Mr. Taylor in commission of the 245(a)1,

9   and that's pursuant to 12022.7(a).  I sentence you to an

10  additional three years on that.

11       Now, as to Count 2, which is a violation of 192(b), a

12  felony, involuntary manslaughter of Edward Cavness, I'm

13  sentencing you to one-third the midterm on that charge of one

14  year.  It's doubled again for a strike prior, the 136.1(a)22 I

15  referenced a moment ago.  And that's consecutive as well as to

16  the sentence on Count 1.

17       In addition, I am sentencing you to an additional five years

18  pursuant to 667(a), and that's again with regard to the same

19  charge, that's (a)1, to the same charge of the dissuading a

20  witness conviction suffered in May of 1999 in the Superior

21  Court, County of San Francisco.

22       And then I'm also sentencing you to a consecutive term of

23  one year for having suffered a prior conviction for which you

24  served a term of imprisonment, and that is with regard to a

25  felony 273.5(a) conviction, which was suffered on the 12th day

26  of April 2006 in the Superior Court of California for the County

27  of San Francisco.

28       And then with regard to Count 4, the violation of Section



A3

1    11350(a) of the Health & Safety Code, that's possession of a

2    controlled substance, and in that case it was of cocaine base.

3    I am going to sentence you to the aggravated term of three

4    years. However, I'm going to stay that sentence. That will be

5    not imposed at this time. It will be stayed.

6          And with regard to the misdemeanor charge --

7          MR. GAINES:   Your Honor, Count 3, the jury found the lesser

8    included of Count 3 pursuant to Section 240, the misdemeanor.

9          THE COURT:   That is correct. The 240 lesser included charge

10    on Count 3, I'm sentencing you on that to six months in the

11    County jail, and I'm actually going to stay that term as well.

12    All right.

13          Now, also with regard to each, on Counts 1, 2 and 3, I am

14    going to impose a Restitution Fine of $180 on each count. That

15    will not be stayed as to Count 4, and a 100-dollar Restitution

16    Fine on the misdemeanor count, a 30-dollar Critical Needs

17    Assessment on each count, and a 135-dollar booking fee and $150

18    for preparation of the pre-sentence report.

19          Now, in addition, I want to give you both your parole rights

20    as well as your appeal rights. So at the expiration of your

21    period of incarceration, you will be placed on parole for a

22    period not to exceeds 48 months, unless that is waived for good

23    cause by the Board of Prison Terms. If you violate any

24    provision of your parole grant, your parole may be revoked, and

25    you could be incarcerated for a period not to exceed 12 months

26    in each instance of revocation, except as provided by Penal Code

27    Section 3057(c). That applies to any acts of misconduct that

28    are committed while you are a parolee confined in a prison

A4

1    setting.  And if you commit any offenses in that prison setting,

2    that's an exemption to that.  Now, the total time spent in

3    custody due to a revocation of parole and the limit of parole

4    itself cannot exceed 48 months.

5          And in addition, I want to read you your appeal rights, sir.

6          You do have the right to appeal from the judgment of this

7    Court, and if you wish to appeal, you must file a written notice

8    of your intention to appeal with the Clerk of the Court within

9    60 days from today.  And that notice must be in writing and

10   signed by you or your attorney, and it must specify what you are

11   appealing from, whether it is the whole judgment or just part of

12   the judgment.

13         You do have a right to a transcript of the proceedings, and

14   it is provided to you without any cost.  So now, if you do not

15   have the financial ability to retain the services of an attorney

16   to represent you on appeal, the appellate authorities will

17   appoint counsel to represent you, but it is your obligation to

18   keep them posted and advised of your address so that they can

19   contact you and advise you of the appointment of counsel.

20         All right.  Anything else, counsel?

21   MR. GAINES:    Your Honor, I'm not sure if the Court mentioned

22   the credit for time served.

23   THE COURT:    Oh, I'm sorry.  Thank you.  I was so busy,

24   worried about the other.

25   MR. GAINES:    We need that.

26   THE COURT:    We do need that.  That's a very important thing.

27         So Mr. Cavness, you do have credit for time served of 2,899

28   days.  Because of the nature of the offense, you're entitled to



*A5*

6

1    only 15 percent credit, good time credits on that, which is an

2    additional 435 days, which is for a total of 3,334 days.

3         Anything further?

4         MR. ULLOM:   No, your Honor.

5         THE COURT:   All right.  Mr. Cavness, good luck to you, sir.

6         THE DEFENDANT:   Thank you.

7         THE COURT:   Take care.

         *PROCEEDINGS CLOSED*                    *I WAS TAKEN OUT THE COURT ROOM*

8                        (Pause in the proceedings.)

9         THE COURT:   Let's go back on the record in the Cavness

10   matter.  The Court forgot to impose the originally imposed

11   Restitution Fine, which was previously agreed upon by counsel

12   and the Court in an amount of $20,934.20 to the Victim

13   Compensation Board.  And I do notice here that there was a

14   40-dollar Court Operations Assessment, so I will assess that on

15   each count as well.

16        THE CLERK:   Thank you.

17                        (Proceedings concluded.)

18

19

20

21

22

23

24

25

26

27

28

A6

```
 1   State of California              )
                                      )
 2   City and County of San Francisco )

 3

 4

 5        I, Melanie Dawn Gheno, Official Court Reporter for the

 6   Superior Court of the State of California, City and County of

 7   San Francisco, do hereby certify:

 8        That I was present at the time of the above proceedings;

 9        That I took down in machine shorthand notes all proceedings

10   had and testimony given;

11        That I thereafter transcribed said shorthand notes with the

12   aid of a computer;

13        That the above and foregoing is a full, true, and correct

14   transcription of said shorthand notes, and a full, true and

15   correct transcript of all proceedings had and testimony taken;

16        That I am not a party to the action or related to a party

17   or counsel;

18        That I have no financial or other interest in the outcome

19   of the action.

20

21

22   Dated:  March 13, 2017

23

24   _____

25   Melanie Dawn Gheno, CSR No. 7489, RMR, CRR

26

27

28
```

A7

FELONY ABSTRACT OF JUDGMENT—DETERMINATE
(NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED)

CR-290

**FILED**

*AN5878*

San Francisco County Superior C

MAR 20 2017

CLERK OF THE COURT

By: _____

J Deputy Cl

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF: SAN FRANCISCO | | |
|---|---|---|

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **MICHAEL CAVNESS**
AKA:
CII NO.: **A07101015**
BOOKING NO.: **376279**     ☐ NOT PRESENT

DOB: *12-23-1960*

*211241*

| 02413057 | -A |
| | -B |
| | -C |
| | -D |

| FELONY ABSTRACT OF JUDGMENT | | |
|---|---|---|
| ☑ PRISON COMMITMENT | ☐ COUNTY JAIL COMMITMENT | ☑ AMENDED ABSTRACT |

| DATE OF HEARING | DEPT. NO. | JUDGE |
|---|---|---|
| 03-10-17 | S27 | LORETTA M. GIORGI |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER | |
|---|---|---|---|
| ANNETTE TOUSSAINT | MELANIE GHENO | 376279 | ☐ IMMEDIATE SENTENCING |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| JOHN ULLOM | MICHAEL GAINES | ☑ APPOINTED |

1. Defendant was convicted of the commission of the following felonies:

    ☐ Additional counts are listed on attachment
    — (number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO/DATE/YR.) | CONVICTED BY JURY | CONVICTED BY COURT | CONVICTED BY PLEA | TERM (L/4/6) | CONCURRENT | CONSECUTIVE 1/3 | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (REFER TO item 5) | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 001 | PC | 245(A)1 | adw/gbi force/oth than firear | 2009 | 08/14/12 | X | | | U | | | | | | | | 8Y | 0M |
| 002 | PC | 192(B) | involuntary manslaughter | 2009 | 01/20/17 | | X | | M | | X | | | | | | 2Y | 0M |
| 004 | HS | 11350(a) | possession of controlled sub | 2009 | 08/14/12 | X | | | U | X | | | | | | X | - | - |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |
| | | | | | / / | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| COUNT | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| 001 | PC 12022.7(a) | 3Y | | | | | 3Y | 0M |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | ENHANCEMENT | TIME IMPOSED OR "S" FOR STAYED | TOTAL | |
|---|---|---|---|---|---|---|---|
| 667(a)(1) | 5Y | | | | | 5Y | 0M |
| 667.5(b) | 1Y | | | | | 1Y | 0M |
| | | | | | | | |
| | | | | | | | |

4. Defendant sentenced ☐ to prison commitment per PC 1170(a), 1170(h)(3), or 1170.1(a)    ☐ to county jail per PC 1170(h)(1) or (2)
    ☑ per PC 667(b)-(i) or PC 1170.12 (strike prior)
    ☐ per PC 1170(a)(3). Pre-confinement credits equal or exceed time imposed. Defendant ordered to report to local parole office upon release.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

| 6. | TOTAL TIME ON ATTACHED PAGES: | | |
|---|---|---|---|
| 7. | ☐ Additional indeterminate term (see CR-292). | | |
| 8. | TOTAL TIME: | 19Y | 0M |

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR-290 [Rev. January 2, 2012]

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Penal Code,
§ 1213, 1213.5

*Exhibit B1*

CR-290

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: MICHAEL CAVNESS

| 02413057 | -A | -B | -C | -D |

**9. FINANCIAL OBLIGATIONS (plus any applicable penalty assessments):**

**a. Restitution Fines:**

Case A: $ _640_ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_640_ per PC 1202.45 suspended unless parole is revoked.
$ _____ per PC 1202.44 is now due, probation having been revoked.

Case B: $ _____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$ _____ per PC 1202.44 is now due, probation having been revoked.

Case C: $ _____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$ _____ per PC 1202.44 is now due, probation having been revoked.

Case D: $ _____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment); $_____ per PC 1202.45 suspended unless parole is revoked.
$ _____ per PC 1202.44 is now due, probation having been revoked.

**b. Restitution per PC 1202.4(f):**

Case A: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case B: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case C: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund
Case D: $_____  ☐ Amount to be determined  to  ☐ victim(s)*  ☐ Restitution Fund

☐ *Victim name(s), if known, and amount breakdown in item 13, below.  ☐ *Victim name(s) in probation officer's report.

**c. Fines:**

Case A: $_____ per PC 1202.5  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

Case B: $_____ per PC 1202.5  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

Case C: $_____ per PC 1202.5  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

Case D: $_____ per PC 1202.5  $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $50 Lab Fee per HS 11372.5(a) ☐ $_____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

**d. Court Security Fee:** $ _160_ per PC 1465.8.   **e. Criminal Conviction Assessment:** $ _120_ per GC 70373.

**10. TESTING:** ☑ Compliance with PC 296 verified ☐ AIDS per PC 1202.1 ☐ other (specify):

**11. REGISTRATION REQUIREMENT:** ☐ per (specify code section): _____

**12.** ☐ MANDATORY SUPERVISION: Execution of a portion of the defendant's sentence is suspended and deemed a period of mandatory supervision under Penal Code section 1170(h)(5)(B) as follows (specify total sentence, portion suspended, and amount to be served forthwith):
Total: _____ Suspended: _____ Served forthwith: _____

**13. Other orders** (specify): Not 1170(h) eligible;Pay $20,934.20 to Victim Compensation Board;other victim restitution to be determined by Board;
Prison;psr-$135;bkfee-$150;parole;
appeal;

**14. IMMEDIATE SENTENCING:** ☐ Probation to prepare and submit a post-sentence report to CDCR per 1203c.
Defendant's race/national origin: _____

**15. EXECUTION OF SENTENCING IMPOSED**
a. ☐ at initial sentencing hearing
b. ☑ at resentencing per decision on appeal
c. ☐ after revocation of probation
d. ☐ at resentencing per recall of commitment (PC 1170(d).)
e. ☐ other (specify):

**16. CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT |
|------|---------------|--------|---------------|
| A | 3334 | 2899 | 435 |
| B | | | |
| C | | | |

Date Sentence Pronounced: _10_ _2017_
Time Served in State Institution DMH ☐ CDC ☐ CRC ☐

**17.** The defendant is remanded to the custody of the sheriff ☐ forthwith ☑ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☑ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☐ county jail ☐ other (specify):

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
| Annette Toussaint | 03-2017 |

CR-290 [Rev. January 2, 2012]   **FELONY ABSTRACT OF JUDGMENT—DETERMINATE**   Page of 2

B2

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Daniel L. Chen
Direct: +1 415.393.8291
Fax: +1 415.229.3510
DChen@gibsondunn.com

Client: 66604-00042

ATTORNEY-CLIENT COMMUNICATION
ATTORNEY-CLIENT PRIVILEGED

February 22, 2019

Mr. Michael Cavness
AN 5878
San Quentin State Prison
1 Main Street
San Quentin, CA 94964 ·

Re:   Cavness v. Mirkarimi, No. 14-cv-3403 (N.D. Cal.)

Dear Mr. Cavness,

Thank you for meeting with me, Rachel Brass, Neema Jalali, and Judge Corley last week.
As we discussed, please find enclosed (1) a copy of the fully executed Settlement
Agreement, the text of which we substantially walked through together, and (2) a copy of
California Penal Code § 2085.8, the statute we discussed yesterday regarding compensatory
awards going directly to restitution.  Although the defense appears to have signed the
agreement on February 13, we only received the final, executed copy of the Settlement
Agreement on Wednesday.

As we agreed last week with Judge Corley present, even though we expect that your claims
will be dismissed shortly in view of the parties' settlement, our firm will continue to
represent you in *Cavness v. Mirkarimi*, 14-cv-3403 (N.D. Cal.), in connection with the
settlement funds obtained from the City and County of San Francisco and the disbursement
of those funds from the escrow account in which they will be temporarily kept pursuant to
the settlement agreement, pending the outcome of your restitution challenge.

When you file papers concerning your challenge to restitution, please send me or Lee a copy
of those papers so that we are kept current and so that we can keep the Court updated
regarding the case.  As a reminder, you have 60 days from the execution of the Settlement
Agreement to bring your challenge to restitution, and our firm does not represent you in
connection with your challenge to restitution.  We are confirming with the City that they
agree that February 13, 2019 is the execution date, but we recommend that you file no later
than April 12, 2019 just to be sure.

Exhibit C.1

## DECLARATION OF SERVICE BY MAIL
## BY PERSON IN STATE CUSTODY
### (C.C.P. §§ 1013(A), 2015.5)

I, _____Michael Cavness_____, the undersigned, declare:

I am over the age of 18 years, and ~~~~ a party to this matter. I am a resident of SAN QUENTIN STATE PRISON, in the County of Marin, State of California. My Prison address is:

_____,

CDCR#:_____, CELL#: _____
SAN QUENTIN STATE PRISON
SAN QUENTIN, CA 94974

On, __3/10/19_____, I served the attached:

1) Petition for Writ of Habeas Corpus,
_____

on the parties, at the addresses listed below, by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff) with postage fully prepaid, in a deposit box provided by San Quentin State Prison, for mailing in the United States Mail as per the regulations governing out-going Legal Mail.

1) Clerk of the Court
S.F. Superior Court, RM. [0]
850 Bryant Street
S.F., CA 94103

I declare under the penalty of perjury, under the laws of the State of California, that all the foregoing is true and correct.

Executed on __3-10-19_____, at San Quentin, State California.

_____Michael Cavness_____
Declarant